IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RANDALL ALAN PROTZMAN,                )
                                       )
        Plaintiff,                     )
                                       )
    v.                                 )   Civil Action No. 17-108
                                       )
CAROLYN W. COLVIN, ACTING              )
COMMISSIONER OF SOCIAL SECURITY,       )
                                       )
        Defendant.                     )

O R D E R

AND NOW, this 28th day of March, 2018, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Acting Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., finds that the Acting Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a

federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]Plaintiff argues that the Administrative Law Judge ("ALJ") erred by: (1) failing to find at Step Two of the sequential analysis that Plaintiff did not have the severe impairments of bilateral carpal tunnel syndrome, arthritis in the neck, knees and thumbs, a mental health disorder, and emphysema; (2) failing to give proper weight in his analysis to the medical opinions of Plaintiff's treating physicians; (3) failing to include in his residual functional capacity ("RFC") assessment the limitations from the above-mentioned impairments, which were erroneously considered to be not severe; (4) improperly evaluating Plaintiff's subjective complaints of pain; and (5) improperly disregarding the testimony of the vocational expert ("VE"). The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

With regard to Plaintiff's first argument, the Court notes at the outset that the Step Two determination as to whether a claimant is suffering from a severe impairment is a threshold analysis requiring the showing of only one severe impairment. See Bradley v. Barnhart, 175 Fed. Appx. 87, 90 (7th Cir. 2006). In other words, as long as a claim is not denied at Step Two, it is not generally necessary for the ALJ specifically to have found any additional alleged impairment to be severe. See Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007); Lee v. Astrue, 2007 WL 1101281, at *3 n.5 (E.D. Pa. Apr. 12, 2007); Lyons v. Barnhart, 2006 WL 1073076, at *3 (W.D. Pa. March 27, 2006). Since Plaintiff's claim was not denied at Step Two, it is irrelevant whether the ALJ correctly or incorrectly found any other of Plaintiff's alleged impairments to be non-severe, as long as, as discussed, infra, he properly accounted for all impairments at Steps Four and Five.

Moreover, the Court finds here that substantial evidence supports the ALJ's findings, which do not include bilateral carpal tunnel syndrome, arthritis in the neck, knees and thumbs, a mental health disorder, and emphysema among Plaintiff's severe impairments. (R. 15). A claimant has the burden of demonstrating, at Step Two of the disability determination process, that he or she has a "severe" impairment or combination of impairments. See 20 C.F.R. §§ 404.1512(a), 404.1520(c), 416.912(a), 416.920(c); Bowen v. Yuckert, 482 U.S. 137, 140-41 (1987). An impairment is "not severe" if the medical evidence establishes that the condition has no more than a minimal effect on the claimant's ability to perform basic work activities. See SSR 85-28, 1985 WL 56856, at *3 (1985); Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003) (citing SSR 85-28). The severity step of the sequential evaluation process thus functions as "a de minimis screening device to dispose of groundless claims." Newell, 347 F.3d at 546; see also McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004) (holding that the "burden placed on an applicant at step two is not an exacting one").

Thus, the ALJ noted that Plaintiff had had surgery for carpal tunnel syndrome, and that the treating surgeon reported that Plaintiff was doing very well after the surgeries and that his symptoms had improved and/or resolved. (R. 16). As there was no indication that Plaintiff needed additional treatment for the condition, or that it persisted for a continuous period of twelve months or resulted in more than minimal functional limitations, the ALJ found them to be non-severe per the regulations. (R. 16).

Regarding Plaintiff's allegations of arthritis in his neck, knees and thumbs, the ALJ found that the record lacked recurrent subjective complaints, abnormal physical examinations, or objective diagnoses regarding the cervical spine and knees, and he noted that Plaintiff admitted to not pursuing treatment for neck and knee allegations. (R. 17). The ALJ explained that although an examining physician reported left thumb arthritis at one point, Plaintiff was asymptomatic and reported that he was not interested in any treatment at that time. (R. 17). Moreover, since the record thereafter lacked similar complaints, substantiating radiographic studies, or objective diagnoses in support of an arthritic condition in his hands, the ALJ found that the record did not support a finding that the left thumb resulted in more than minimal functioning limitation or that Plaintiff had any impairment of the cervical spine or knees. (R. 17).

Regarding Plaintiff's claim of a medically determinable mental impairment of adjustment disorder, the ALJ also found that it did not cause more than minimal limitation in Plaintiff's ability to perform basic mental work activities and was thus non-severe. (R. 17). The ALJ included appropriate discussions and found that Plaintiff had only mild limitation in activities of daily living, social functioning, and concentration, persistence or pace, and no episodes of decompensation. (R. 18). The ALJ also noted that Plaintiff's treatment consisted primarily of prescribed medication through his primary care provider, and that he had had only a single psychiatric examination with no need for follow-up. (R. 17). The ALJ further explained that Plaintiff's exams reported him largely doing well, and his most recent examination reported that Plaintiff denied depression, anxiety, sadness, and suicidal ideation. (R. 17).

Finally, with regard to emphysema, the ALJ noted that Plaintiff's pulmonary function testing found only mild obstruction with normal lung capacity and FVC and FEV1 values. (R. 16). The ALJ explained that Plaintiff also denied symptoms of shortness of breath, physical examinations were unremarkable, and no medical source indicated a diagnosis of emphysema. (R. 16). Thus the ALJ found that the record failed to substantiate the existence of a medically determinable impairment of emphysema. (R. 16).

Upon consideration of the evidence presented in this case, the Court therefore finds that the ALJ's decision, which included ample discussion of the above-referenced conditions but did not include them as severe impairments, is indeed supported by substantial evidence. (R. 15-19).

Second, the Court finds no merit in Plaintiff's contention that the ALJ failed to give proper weight in his RFC analysis to the medical opinions of Plaintiff's treating physicians. The Court notes that a claimant's RFC is the most that a claimant can do despite his limitations, and the determination of a claimant's RFC is solely within the province of the ALJ. See 20 C.F.R. §§ 404.1527(d)(2), 404.1545(a), 404.1546(c), 416.927(d)(2), 416.945(a), 416.946(c). In formulating a claimant's RFC, the ALJ must weigh the evidence as a whole, including medical records, medical source opinions, a claimant's subjective complaints, and descriptions of his or her own limitations. See 20 C.F.R. §§ 404.1527, 404.1529, 404.1545, 416.927, 416.929, 416.945.

Moreover, it is well-established that "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)). "The law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." Brown v. Astrue, 649 F.3d 193, 197 n.2 (3d Cir. 2011). A treating physician's opinion is only entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001) (quoting 20 C.F.R. § 404.1527(c)(2)). "If, however, the treating physician's opinion conflicts with other medical evidence, then the ALJ is free to give that opinion less than controlling weight or even reject it, so long as the ALJ clearly explains [his or] her reasons and makes a clear record." Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 148 (3d Cir. 2007). A treating physician's opinion on the ultimate issue of disability is not entitled to any "special significance," and an ALJ is not required to accept it since the determination of whether an individual is disabled "is an ultimate issue reserved to the Commissioner." Smith v. Comm'r of Social Sec., 178 Fed. Appx. 106, 112 (3d Cir. 2006).

The Court emphasizes, first, that the opinions of John R. Belasco, D.O. and Srikant Rangaraju, M.D. at issue here appear to consist of short administrative forms from the Pennsylvania Department of Public Welfare that were simply filled out by the doctors. (R. 481-86). The forms largely contain options to check and blanks to be filled in by hand. The Court of Appeals for the Third Circuit has stated that "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best." Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993). Thus, the Court notes that these opinions lack significant discussion, explanation, or details to justify the statements contained therein. Nevertheless, the Court finds that the ALJ sufficiently explained his reasons for giving these opinions less than controlling weight.

The Court finds that the ALJ did not fail to provide sufficient reasons for discounting the opinions of Dr. Belasco, nor did he substitute his own lay analysis for the judgment of Dr. Belasco in formulating Plaintiff's RFC. Rather, the ALJ fulfilled his duty as fact-finder to evaluate Dr. Belasco's opinions, considering a number of factors, and in light of all the evidence

4

presented in the record. See 20 C.F.R. §§ 404.1527, 416.927. In fact, the ALJ specified that he was giving Dr. Belasco's opinions "little weight" only after engaging in discussion of Plaintiff's treatment records with the doctor. (R. 21-22). The ALJ explained that he afforded "little weight to Dr. Belasco's opinion that [Plaintiff] was permanently disabled due to left eye blindness, a colostomy, and severe depression because the depression is not a severe impairment, the colostomy was removed, and [Plaintiff] demonstrated normal visual acuity in the right eye." (R. 22). The ALJ further noted that since "Dr. Belasco's opinions were based on a brief course of treatment that consisted of only three preceding office visits . . . his opinions are not representative of [Plaintiff's longitudinal functional capacity." (R. 22).

The Court also finds that the ALJ provided sufficient reasons for discounting the opinion of Dr. Rangaraju in formulating Plaintiff's RFC. (R. 23). The ALJ explained that he was giving "little weight" to Dr. Rangaraju's opinion that Plaintiff was temporarily disabled because that opinion was based only on "a brief encounter in the hospital setting and not a longitudinal treating relationship." (R. 23). The ALJ further noted that Dr. Rangaraju's opinion was not consistent with Plaintiff's self-reported ability to perform activities after he was seen by the doctor, including snow shoveling, climbing ladders and lifting hay bales. (R. 23).

Moreover, in determining Plaintiff's RFC, the ALJ also addressed the opinion of the state agency medical consultant, Dilip S. Kar, M.D., who reviewed Plaintiff's records and assessed him as being capable of performing light work with further postural and environmental limitations. (R. 22, 89-104). The ALJ noted that Dr. Kar's opinions were generally supported by Plaintiff's course of treatment, associated objective findings at the time of review, and Plaintiff's progressive improvement following bowel surgery. (R. 22). However, the ALJ explained that Dr. Kar's opinion failed to account for any eye restriction and that Plaintiff experienced several gastrointestinal complications after Dr. Kar's review of the record. (R. 22). Therefore, the ALJ's opinion by Dr. Kar was given "some weight," and the ALJ noted that he accounted for Dr. Kar's opinions but further limited Plaintiff "to account for any reasonable limitation stemming from his loss of visual acuity and gastrointestinal impairments." (R. 22).

Accordingly, the Court finds that the ALJ properly discharged his duty to discuss the opinion evidence presented in the record. The Court finds that substantial evidence supports the ALJ's evaluation of that opinion evidence and his decisions as to the weight he gave to those opinions in making his ultimate determination.

Third, Plaintiff argues that the ALJ failed to include in his RFC assessment the limitations from the above-mentioned impairments that Plaintiff alleges were erroneously found to be not severe. The Court notes that even if an impairment is non-severe, it may still affect a claimant's RFC. Additionally, in assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996); see also 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). "While a 'not severe' impairment(s) standing alone may not significantly limit

an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim." SSR 96-8p at *5. Accordingly, just because the ALJ did not find the above-referenced conditions to be severe does not mean that such condition could not still have affected his RFC.

However, the Court finds here that substantial evidence supports the ALJ's findings as to Plaintiff's functional limitations, and the evidence does not establish that any issues that Plaintiff may have had with regard to the above-referenced conditions that were found to be non-severe impacted his work-related functional ability. In fact, in his decision, the ALJ discussed at length Plaintiff's various alleged mental and physical health issues, examined the treatment Plaintiff received, and reviewed Plaintiff's testimony, activities of daily living, and the medical opinion evidence. (R. 15-23). Thus, as discussed, supra, the Court finds that the ALJ did not err in his evaluation of Plaintiff's severe impairments at Step Two of the sequential analysis, and that substantial evidence supports the ALJ's ultimate RFC assessment.

Fourth, Plaintiff asserts that the ALJ erred in improperly evaluating his subjective complaints of pain. In support of this contention, Plaintiff contends that the ALJ did not show any rational basis for discounting Plaintiff's testimony about pain and limitations caused by problems with his low back, thumb, hands, knees and neck, and his balance problems and inability to judge distances due to left eye blindness. The Court finds, however, that the ALJ did in fact properly address the relevant evidence of record, including adequate consideration of Plaintiff's subjective complaints—and ultimately appropriately accounted for the limitations resulting from his impairments—in forming Plaintiff's RFC.

In determining whether a claimant is disabled, the ALJ must consider all of a claimant's symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. See 20 C.F.R. §§ 404.1529(a), 416.929(a). A claimant's subjective complaints of symptoms alone are not sufficient to establish disability. See id. In evaluating a claimant's subjective complaints, the ALJ must consider, first, whether the claimant has a medically determinable impairment that could reasonably be expected to produce the symptoms he alleges. See 20 C.F.R. §§ 404.1529(b), 416.929(b). Once an impairment is found, the ALJ then must evaluate the intensity and persistence of the claimant's symptoms to determine the extent to which those symptoms limit his ability to work. See 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 416.929(c)(3)(i)-(vii) (factors relevant to symptoms can include daily activities, medications and medical treatment). In the ALJ's decision here, after examining Plaintiff's medical treatment and subjective complaints in connection with his alleged impairments, the ALJ ultimately found that such evidence simply did not fully support the limitations he alleges.

Here, the ALJ considered Plaintiff's testimony, as well as that of his roommate, but he found that his subjective complaints were simply less than fully credible. (R. 20, 23). The ALJ found that Plaintiff's various complaints, which included requiring use of a cane and having

extensive bathroom needs, were simply not supported by the medical record. The ALJ also properly considered activities in which the record indicated Plaintiff had engaged, including climbing ladders, shoveling snow and lifting hay bales, and found that such significant activities also did not lend support to his testimony. Moreover, the ALJ did in fact find that Plaintiff has a number of severe impairments, and he did not find Plaintiff to be lacking in pain and limitations altogether. (R. 15, 19). However, upon substantial review of all the evidence of record, the ALJ simply found that the evidence as a whole did not support the extreme limitations that Plaintiff alleges.

Thus, the ALJ found, after careful consideration of all the evidence, that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible" for the reasons he provided in his decision. (R. 20). The Court finds that the ALJ did not err in evaluating Plaintiff's subjective allegations because he thoroughly reviewed them in accordance with the regulations, and he provided sufficient explanation as to why he found those allegations to be not entirely credible.

Lastly, Plaintiff argues that the ALJ erred in improperly disregarding the testimony of the VE. While the hypothetical question to the VE must accurately portray the claimant's impairments, such question needs only to reflect those impairments that are adequately supported by the record. See Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984); Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). In this case, the Court finds that the ALJ's hypothetical question to the VE fully accommodated the limitations that were supported by the record, which were also properly included in the RFC, as discussed, supra. The ALJ accounted for the limitations supported by the record when he asked the VE to assume an individual with Plaintiff's age, education, work experience and RFC, and whether jobs exist for such an individual. Considering these limitations, the VE testified that such an individual would be able to perform the requirements of representative light work occupations such as ticket taker, mail clerk and information clerk, and the ALJ properly relied on these findings in concluding that Plaintiff is not disabled. (R. 24-26, 66-67). The Court notes that while the ALJ posed a number of additional hypothetical questions to the VE, those additional questions did not include limitations that the ALJ ultimately included in Plaintiff's RFC, and therefore the VE's responses to all of these additional questions did not have to be included in his analysis.

As to any additional arguments mentioned summarily by Plaintiff in his brief, the Court finds that he has failed to establish how the ALJ's failure to consider properly any additional evidence of record constitutes reversible error.

In sum, the Court finds that the ALJ did not err in his findings regarding Plaintiff's severe impairments at Step Two of his analysis. The Court further finds that the ALJ gave proper weight in his decision to the medical opinion evidence, and he included appropriate limitations in his RFC finding. Additionally, the Court finds that the ALJ did not err in evaluating Plaintiff's

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 11) is DENIED, and Defendant's Motion for Summary Judgment (Doc. No. 13) is GRANTED.

s/ Alan N. Bloch<br>United States District Judge

ecf: Counsel of record

---

subjective complaints, and he properly considered the testimony of the VE in reaching his conclusions. Accordingly, the Court affirms.